UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **18-60352-CR-MOORE**

UNITED STATES OF AMERICA

v.

TAYYAB TAHIR ISMAIL,
                    **Defendant.**

_____/

## RULE 16 PROTECTIVE ORDER

This cause came to be heard upon the unopposed motion of the United States of America for a Fed. R. Crim. P. 16(d)(1) protective order limiting dissemination of certain discovery materials and the sensitive information they contain. After consideration of the motion and the record as a whole, this Court finds that the motion is well-taken, and that it should be, and hereby is, **GRANTED**.  It is therefore:

**ORDERED and ADJUDGED** that the government shall segregate the discovery materials it produces under the Standing Discovery Order to the defendant and his counsel of record into two categories: (1) general discovery materials, and (2) sensitive discovery materials. The government shall clearly identify the sensitive discovery materials. The category of sensitive discovery materials includes, but is not limited to, all declassified information and materials. All general discovery materials shall be handled pursuant to the Local Rules of Criminal Procedure and the applicable Rules of Professional Responsibility.  It is further:

**ORDERED and ADJUDGED** that counsel of record for the defendant shall restrict access to the sensitive discovery materials, and shall disclose the sensitive discovery materials

1

only to their client, office staff, investigators, and anticipated fact or expert witnesses to the extent that defense counsel believes it is necessary to assist in the defense of their client in this matter.  It is further:

**ORDERED and ADJUDGED** that information about the actual or cover personal identifiers of Under Cover Employees ("UCEs") or Sources ("CHSs") shall be handled as follows:

A.      The defendant and counsel (including any member of the defense team or person subject to this Order) will not publicly disclose the actual or cover names, or any other identifying information, of any UCE or CHS in any pretrial filing or at any pretrial hearing in open court;

B.      The defendant and counsel will not show or provide any declassified information about a UCE or CHS except to (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense.  It is further:

**ORDERED and ADJUDGED** that counsel of record for the defendant shall restrict access to the sensitive discovery materials, and shall disclose the sensitive discovery materials only to their client, office staff, investigators, and anticipated fact or expert witnesses to the extent that defense counsel believes it is necessary to assist in the defense of his client in this matter.

**ORDERED and ADJUDGED** that counsel of record for each defendant shall advise any person to whom the sensitive discovery materials are disclosed that further disclosure or dissemination is prohibited without defense counsel's express consent.  It is further:

**ORDERED and ADJUDGED** that counsel of record for the defendant shall obtain a Memorandum of Understanding from each person to whom the sensitive discovery materials  are

disclosed (with the exception of other defense counsel who consult with counsel of record), in which the recipient: (1) acknowledges the restrictions set forth in this protective order, and (2) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel. Counsel shall keep a copy of each Memorandum to identify the individuals who received the sensitive discovery materials and the date on which such information was first disclosed.  It is further:

**ORDERED and ADJUDGED** that upon conclusion of the above-captioned case, any copies of the sensitive discovery materials disclosed pursuant to the terms of this order shall be returned to defense counsel and shall either be destroyed or returned to the United States Attorney's Office. If counsel chooses to destroy the materials, counsel shall provide written confirmation that the materials have been destroyed.  It is further:

**ORDERED and ADJUDGED** that any person who received a copy of any document subject to this protective order from defense counsel is prohibited from using such document in any way except to assist counsel for defendant in the investigation or preparation of this case,  and from reproducing or disseminating any such document in any way to any other person or entity except as provided for in the order.  It is further:

**ORDERED and ADJUDGED** that all materials are to be used by the parties solely for the purpose of allowing the parties to prepare their case and none of the discovery materials nor any copies, notes, transcripts, documents or other information derived or prepared from the discovery material shall be disseminated to, or discussed with, the media in any form.  Nothing in this Motion and Proposed Order shall prohibit the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or defense counsel wishes to attach any portion of the discovery material to public filings made with the Court, defense counsel must provide advance notice to the government and

3

make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.  It is further:

**ORDERED and ADJUDGED** that any and all discovery material produced to the defendant by the government which consists of video recordings shall not be copied or reproduced in any way; where the defendant and or defense counsel wishes to copy and/or reproduce such video recordings, defense counsel must provide advance notice to the  government and make application to the Court for authorization to make such copies and reproductions, and notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such application.  It is further:

**ORDERED and ADJUDGED** that any and all discovery material produced to the defendant by the government which consists of video recordings shall be maintained at the offices of defense counsel, and removed from such offices only by individuals to whom disclosure is authorized in paragraph 2 of the motion for purposes of transporting such video recordings to  court or to legal visits with the defendant.

**DONE AND ORDERED** at Miami, Florida, this_____day of January, 2019.


_____
HON. K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

4