**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-CR-60352-MOORE/SNOW

UNITED STATES OF AMERICA,

          Plaintiff,

v.

TAYYAB TAHIR ISMAIL,

          Defendant.

_____/

**UNOPPOSED MOTION FOR 60-DAY CONTINUANCE OF TRIAL AND SUPPORTING**
**AFFIDAVIT IN SUPPORT OF SPEEDY TRIAL WAIVER**

The Defendant, TAYYAB TAHIR ISMAIL, through undersigned counsel, and unopposed by the government, respectfully moves this Court to enter an order continuing the calendar call and trial.

1.      Calendar call is set for February 14, 2019 at 2:00 p.m. and trial is set for February 19, 2019.

2.      The charged conduct under Title 18, United States Code, Section 842(p)(2)(A), claims the Defendant described on the Internet on five separate occasions, the last occurring in August 2018, how to construct a destructive device and that he intended the device be unlawfully used.

3.      The parties participated in an informal conference on January 11, 2019, and the government provided some discovery that will require hundreds of hours to review.

4.      In part, to prove specific intent, a constituent element of the crime charged, the government produced at the informal conference, (1) the results of a

search warrant served on Google, the contents of which encompasses 8 CD-Rom discs, (2) portions of the contents of the Defendant's telephone, a device which contains hundreds of thousands of reviewed and unopened messages from chat rooms, and (3) asked the Defendant to provide a four terabyte ("TB") external hard drive onto which it will provide a forensic copy of his laptop which was searched and seized.  There is substantially more discovery the government intends to produce but both technology limitations and time have not yet permitted complete production. The Defendant is advised that discovery which encompasses 4 TB of information is the functional equivalent of a hard drive that contains 4000 hours of video, 80 full days, or filing cabinets of documents or a combination of each.

5.      The defense knows that it has to work hard, work fast, and to that end has commenced reviewing the discovery but respectfully requests additional time to do so and would like the opportunity to review some of that discovery with the Defendant.  The Defendant was transferred from the Broward County Jail to the FDC Miami on January 11 and counsel is preparing written requests to the jail for permission to utilize computers to expedite discovery review.

6.      To expedite review of the discovery, counsel has also contacted computer forensic experts to learn about the process to retrieve and extract relevant information contained on a 4 TB hard drive.

7.      It is reasonable to assume that in order to conduct a limited review of the government's evidence, including what the Defendant read and posted online, portions of which the government intends to use to prove the specific intent prong of the crime,

at least 60 additional days beyond the February trial setting will be required.  The Defendant is asking for that minimal time.

8.      The Defendant has only partially described the intended discovery so that this motion is not unduly long.

9.      Moreover, the CIPA process may require additional time.  DE 21, 23 and 24.

10.     Defendant incorporates by reference his Waiver of Statutory Right to a Speedy Trial in Support of Unopposed Motion for Continuance.  Many Districts conclude in a terrorism case with similar legal, factual, and discovery issues that the case was complex for speedy trial purposes and that a substantial continuance was warranted. *See United States v. Moussaoui,* Case No. 01-455-A, 2001 WL 1887910, at *1 (E.D. Va.); *See United States v. Al-Arian et al,* Case No. 03CR77-T-30 BM (M.D. Fla. 2003) (multiple further citations omitted)*.*

11.     The Speedy Trial Act authorizes the Court to effectively toll the seventy-day trial period for any period of time by granting a "continuance on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance, the Court must consider, among other factors: "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits [prescribed by the statute].  18 U.S.C. § 3161(h)(7)(B)(ii).

3

12.     The totality of the issues and evidence is such that it is unreasonable to expect adequate preparation for trial within the time limits established by Title 18, U.S.C., § 3161.

13.     All parties, as well as this Court, have an interest in this case being presented in an efficient, well-organized manner during the discovery and pre-trial phases.

14.     Granting this motion will ensure the evidence is presented in such a way as to minimize unnecessary future delays. The record in this case and the facts recited in this motion furnish adequate reason to support a finding by the Court that this cause is complex and requires additional time for preparation.

15.     The Defendant appends his supporting affidavit and waiver.

16.     Prior to filing this motion, counsel discussed its factual and legal predicate with AUSA Gilbert who agrees it would be appropriate to grant a continuance and does not oppose this motion.

WHEREFORE, Defendant respectfully requests this Honorable Court grant a 60-day trial continuance.

Respectfully submitted,

*/s/ DAVID A. NUNEZ*
David A. Nuñez
Florida Bar No. 646776
Meyer & Nunez, P.A.
150 W. Flagler St., Suite 2700
Miami, FL   33130
Telephone:  305-722-9898
Facsimile:   305-371-9197
Email: david@nunez-law.com

4

## CERTIFICATE OF CM/ECF SERVICE

I HEREBY CERTIFY that on __**January 24, 2019**___, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following: **Karen E. Gilbert, AUSA,** Office of the U.S. Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

By:*/s/ DAVID A. NUNEZ*__
David A. Nuñez

5