**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-CR-60352-KMM/LSS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

TAYYAB TAHIR ISMAIL,

                Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING "TERRORISM" CASE DISPOSITIONS FOR DOWNWARD VARIANCE REVIEW UNDER 18 U.S.C SECTION 3553(a)(6)

Defendant, TAYYAB TAHIR ISMAIL, consistent with the governing sentencing statute, respectfully advises the Court of varied "terrorism" dispositions which may be relevant under a portion of the sentencing statute.

1.      The Defendant fully accepts responsibility for his crime and expressed contrition for what he did, how he did it, and the significance of his misconduct. Unlike others who might have been similarly charged with terrorism related crimes, this Defendant is shamed.

2.      The Defendant expects, with treatment, he will be better in the future. The contents of the Defendant's letter of acceptance of responsibility favorably distinguish him from many others charged with similarly serious crimes, including two particular Southern District of Florida defendants who arguably committed far more serious crimes for which the Court imposed 15-year sentences. *See United States v. Gufran Ahmen Kauser Mohammed*, et. al. Case No. 13-CR-20364-UU, (S.D. FL.).

3.      Under the advisory guidelines, the Defendant committed an offense that requires a "terrorism" enhancement. The Court may find helpful the sentencing comparisons

submitted below. The Defendant does not purport to provide a complete listing that may be more readily available from prosecution sources.

4. In *United States v. Gufran Ahmen Kauser Mohammed*, et. al., Case No. 13-CR-20364-UU, (S.D. FL.), Kauser Mohammed knowingly worked with a terrorist fundraiser, recruiter, and facilitator for the al-Shabaab terrorist network. As part of the conspiracy, Kauser Mohammed and his codefendant, Mohamed Hussein Said, received a series of Western Union wire transfers for the purpose of funding al-Shabaab. Said communicated with others and selected no less than four seasoned terrorist operatives to work towards terrorist plots. Said planned to send these individuals to Syria, where they would wage violent jihad on behalf of the al-Qa'ida and al-Qa'ida in Iraq/al-Nusrah Front terrorist groups. Said also offered to make available potential martyrs for ambitious al-Qa'ida-style attacks against United States interests. Kauser Mohammed was deeply committed to jihad and U.S. District Judge Ungaro continued the sentencing hearing to see if Kauser Mohammed would renounce jihadi violence, DE 262 at 36, and he would not. Kauser Mohammed and Said received 15-year sentences.

5. The Defendant respectfully requests a variance because of the unique facts in his case. After review of cases in which the terrorism enhancement was applied, the Court may reach the conclusion that a non-disparate sentence is a sentence substantially below the statutory maximum.

6. In the S.D. FL., the following cases may also provide some comparisons, except to the extent that this Defendant distinguishes himself because he accepts responsibility, renounces any acts of violence, notes his admitted mental problems and is prepared to accept treatment.

7. In 2018, U.S. District Judge Marcia G. Cooke sentenced Gerald Wallace, a Miami-area man to 12 months and one day in prison and three years' supervised release for

2

threatening to shoot members of a mosque in Miami Gardens. *See United States v. Gerald Wallace*, Case No. 17-cr-20354-MGC (S.D. FL.)

8.      In 2017, James Gonzalo Medina was sentenced to a provisional life sentence, with an agreed 25-year sentence, after successful "treatment" and certification, on counts charging attempted use a weapon of mass destruction and attempting to damage religious property. He pled guilty and admitted that in March and April 2016, he planned to conduct a firearms or explosives attack on the Aventura Turnberry Jewish Center. Medina took steps to prepare for this attack including possessing what he believed to be an explosive device, obtained from a Southern Florida Joint Terrorism Task Force agent. Medina approached the Jewish Center on foot with the device in hand, intending to commit the attack. *See United States v. Medina*, Case No. 16-cr-20349-RNS (S.D. FL.)

9.      In *United States v. Vicente Adolfo Solano*, Case No. 17-cr-20781-PCH, (S.D. FL.), Solano, a 53-year old Honduran citizen residing in Miami, was sentenced to 210 months in prison, to be followed by a lifetime of supervised release, for attempting to provide material support to the Islamic State of Iraq and al-Sham (ISIS), a designated foreign terrorist organization, after planning to place and detonate an explosive device at a crowded Miami shopping mall. Solano discussed his plot with a confidential source and two undercover FBI employees. Solano provided three videos to the confidential source, in which Solano makes pro-ISIS statements and expresses anti-U.S. sentiments. Just prior to his arrest, Solano took possession of what he believed was an explosive device, took steps to arm it, and walked toward a mall entrance in order to carry out his attack. Unbeknownst to Solano, the device was inert and did not pose a risk to the public. Solano was taken into custody prior to entering the mall.

10.     In *United States v. Khan et al*, Case No. 11-cr-20331-RNS (S.D. FL.), Khan sought to aid the Pakistani Taliban's fight against its government by supporting acts of murder, kidnapping, and maiming.  He received a 25-year sentence.

11.     The United States Sentencing Commission advises that its statistical analysis uses arson offenses as an analogy to explosive offenses.  The average national sentence for arson offense in 2017 was 67 months.

12.     In *United States v. Pena,* Case No. 19-cr-20005, S.D.FL., Pena, a disgruntled former shop owner who was evicted used gasoline to commit arson and set four fires in a business.  She received a 5-year sentence.

13.     From the Northern District of Ohio, cases related to a plan to detonate a weapon of mass destruction follow.  In *United States v. Wright, et. al.*, 1:12CR0238 (N.D. Oh.), the defendants were a terrorist cell in the Cleveland area who conspired to attack financial institutions, bridges, and police in the Cleveland area.  In carrying out their plans, the conspirators prepared for over several months to blow up a bridge.  The defendants purchased what they believed were explosives from an informant and actually placed the explosives at the base of the Route 82 Bridge outside Cleveland.  The defendants then attempted to blow up the bridge with a detonator accessed via cellular phones.  The defendants took all actions necessary to commit an act of terrorism through detonating a weapon of mass destruction, only to be foiled because they mistakenly had been given fake explosives.  One defendant—Stafford—was convicted after trial and the remaining four defendants pled guilty.  The above facts were taken from the Sixth Circuit's decision on Stafford's appeal, *United States v. Stafford*, 782 F.3d 786 (6th Cir. 2015).

14.     Defendant Stafford, who went to trial, received a sentence of 10 years. The remaining defendants who pled guilty received sentences of 11.5 years, 9.75 years, 8 years and 1 month, and 6.75 years.  Thus, the average sentence for the defendants in the terror

cell was approximately 9.25 years. This for defendants who pulled the trigger to detonate a weapon of mass destruction and which would have killed an untold amount of people.

15. In two similar cases out of Texas, two defendants were charged with attempting to provide and conspiracy to provide material support to ISIS, *United States v. Wolfe*, 1:14CR213 (W.D. Tex.) and *United States v. Khan*, 1:14CR0212 (W.D. Tex.). The defendants received sentences of 6.75 years and 10 years imprisonment respectively.

16. In other cases from Virginia, Mississippi, and California, defendants received similar sentences for supporting terrorism. *United States v. Farrokh*, 1:16CR020 (E.D. Va.)(8.5 years imprisonment); *United States v. Teausant*, 2:14CR087 (E.D. Cal.)(12 years imprisonment); *United States v. Dakhlalla* and *United States v. Young*, 1:15CR098 (N.D. Miss.)(8 years and 12 years imprisonment); *United States v. Dandach*, 8:14CR109 (C.D. Cal.)(15 years).

17. Admittedly, in some districts, higher sentences have been imposed for terrorism related cases, however, these higher sentences have generally been reserved for defendants with prior criminal records before the terrorism offense. For example, in *United States v. Morgan*, 1:14CR0414 and 1:14CR194 (M.D.N.C.), the defendant was convicted of providing material support to ISIS and possessing an assault rifle as a convicted felon. The defendant's prior felony conviction was for shooting into a habitation. *Morgan*, 1:14CR194 (R. 12, Statement of Factual Basis, 10/30/14)). The North Carolina district court imposed a combined sentence of 20.25 years.

18. Similarly, in *United States v. Khalifi*, 1:12CR037 (E.D. Va.), the defendant was convicted of attempting to use a weapon of mass destruction against the U.S. Capitol. The defendant's prior record involved multiple offenses from several jurisdictions including drug offenses and two assault convictions. *Khalifi*, 1:12CR037 (R. 31, Position Paper of Government for Sentencing, 9/7/12). Additionally, the defendant was an illegal alien residing

5

in the United States. *Id*. (R. 42, Order of Removal, 9/14/12). The district court in Virginia imposed a sentence of 30 years.

19. Likewise, in *United States v. Finton*, 3:10CR30215 (S.D. Ill.), the defendant was convicted of attempting to use a weapon of mass destruction at a federal building. The defendant's prior record included a lengthy prison sentence for armed robbery and aggravated assault. The Illinois district court imposed an agreed sentence of 28 years imprisonment.

20. In *United States v. Davis*, 1:15CR059 (S.D. Ga.), the defendant was convicted of attempting to provide material support to ISIS. At the time of the federal offense, the defendant was on parole for a prior offense. The district court in Georgia imposed a sentence of 15 years in prison.

21. This Defendant has endeavored to provide the Court with an analysis consistent with the requirements of Section 3553(a)(6), a provision which applies when "apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009).

22. Counsel has sought the assistance of the Sentencing Commission who advised that only the Court can request the sentencing statistics that apply to others similarly convicted under the charging statute, 18 USC Section 842(p)(2)(A). However, with available information through various sources, the Defendant intends to argue at the punishment hearing that a sentence substantially below the statutory maximum is appropriate.

23. New York University's Center on Law and Security, subsequently reconstituted as the Center on National Security at Fordham University Law School (hereinafter "the Center"), has periodically, for a decade, published comprehensive statistical treatments of post-September 11th terrorism prosecutions in the U.S. The analysis in those and other

6

cases are provided below to suggest a non-disparate sentence consisted with §3553(a)(6). *See* Terrorist Trial Report Card: September 11, 2001, through September 11, 2011.

24.     The statistics establish that a sentence of 20 years' imprisonment well exceeds the average for those terrorism-related charges and cases.  The Center's three most recent versions of its "Terrorist Trial Report Card," which examined terrorism-related prosecutions and their results and were published in 2006, 2010, and 2011, each analyzed the data somewhat differently, but provide illuminating figures.

25.     The September 11, 2008, edition of that Terrorist Trial Report Card, based on the sentences imposed on the 370 defendants convicted of terrorism offenses (and sentenced) between September 11, 2001, and September 2008 reported that the average sentence for all Defendants convicted of terrorism charges was approximately twelve years and eight months (12.67 years),[1] and the average sentence for convictions for material support for terrorism were 14.75 years (18 U.S.C. §2339A) and 11.92 years (§2339B).  We also note, to be comprehensive, that for violations of 18 U.S.C. §2332 (murder of U.S. nationals outside the U.S., a potential capital offense), the average sentence was 26 years.

26.     The 2010 version of the Terrorist Trial Report Card, which covered U.S. federal prosecutions between September 11, 2001, and September 11, 2009, provided slightly different nomenclature: (i)  the "average sentence for persons convicted of terrorism" was 16 years (191.9 months); (ii)  the "average sentence for persons charged with terrorism" was 19.7 years (236 months); (iii)  the "average sentence for persons charged with national security violations but not  terrorism" was 10.4 years (124.5 months); and (iv)  the "average sentence

---

[1]     Terrorist     Trial     Report     Card,     September     11,     2008,     available     at <http://www.lawandsecurity.org/Portals/0/documents/03_Sept08TTRCFinal1.pdf>.

for persons convicted of national security violations and not charged with terrorism" was 7.5 years (90.3 months). [2]

27.     The September 2011 edition of the Terrorist Trial Report Card, covering September 11, 2001, through September 11, 2011, again alters the characterization, and provides the following average sentences graphically (and not in precise numbers):

(i)      for "Terror or National Security Top Charge":  between 10 and 15 years;

(ii)     for "Material Support Top Charge":  also, between 10 and 15 years, but less than for "Terror or National Security Top Charge;"

(iii)    for "Material Support Lesser Charge":  slightly less than 15 years;

(iv)    for "National Security Charge Conviction":  slightly more than 15 years;

(v)     for "Terror Charge Conviction":  also, slightly more than 15 years, but slightly more than for "National Security Charge Conviction;" and

(vi)    for "Terror and National Security Charge Conviction":  25 years. [3]

28.     In 2013, the Center also published "By the Numbers – U.S. Prosecutions of Jihadist Terror Crimes, 2001-2013,"[4] digesting 368 cases, 297 convictions (209 by guilty plea and 89 after trial). The average sentence for all cases was 181 months (15 years, one month), and 201 months (16 years, 9 months) for convictions pursuant to 18 U.S.C. §2339A, and 199 months (16 years, 7 months) for convictions pursuant to 18 U.S.C. §2339B, – the material support offense. [5]

---

[2] Terrorism Trial Report Card, September 11, 2001-September 11, 2009 (published January 2010), at 13, available at <http://www.lawandsecurity.org/Portals/0/documents/01_TTRC2010Final1.pdf>.    See also Terrorist Trial Report Card: U.S. Edition, Appendix B at 10, New York University School of Law Center on Law and Security, available at <http://www.lawandsecurity.org/publications/TTRCComplete.pdf>.
[3] Terrorism Trial Report Card, September 11, 2001-September 11, 2011, at 7, available at <http://www.lawandsecurity.org/Portals/0/Documents/TTRC%20Ten%20Year%20Issue.pdf>
[4]          That          2013          analysis          is          available          at <https://static1.squarespace.com/static/55dc76f7e4b013c872183fea/t/56b88ef1356fb0ff251aa15a /1454935794120/JihadistFactSheet2001-13.pdf>.
[5] The Center has continued to publish periodic reports on terrorism prosecutions, particularly those involving persons charged with offenses connected to the Islamic State (hereinafter "ISIS"), which case also have

29. Moreover, the Sentencing Commission issues quarterly reports detailing sentencing statistics for all federal cases. The most recently released report at the time of Mr. Ismail's sentencing would be the 2017-2018 report (from October 1, 2017 through June 30, 2018), entitled U.S. Sentencing Commission Quarterly Data Report, Fiscal Year 2018 (hereinafter "Quarterly Data Report FY 2018"), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/quarterly-sentencing-updates/USSC_Quarter_Report_3rd_FY18.pdf, October 22, 2018.

30. Table 6 of the Quarterly Data Report 2018, at 13, entitled "Sentence Length In Each Primary Offense Category," provides the mean and median sentence for each offense category for the third quarter of the Fiscal Year 2018.

31. Terrorism offenses are not delineated separately. The Sentencing Commission correlates explosives to arson. The undersigned counsel's associate telephoned the Sentencing Commission to request additional statistics correlating to explosives but was not provided any. The following are statistics correlating to their crimes, arson (mean: 81;

---

elements similar to those present here, i.e., individuals traveling abroad for the purpose of joining an FTO or financing such travel by other). See, e.g., The American Exception: Terrorism Prosecutions in the United States – The ISIS Cases, September 13, 2017, available at <https://docs.google.com/viewer?url=https%3A%2F%2Fstatic1.squarespace.com%2Fstatic%2F5 5dc76f7e4b013c872183fea%2Ft%2F59cf980ae45a7c855f673bca%2F1506777101200%2FThe%2BAmer ican%2BException%2B9-17.pdf&pdf=true>; Case by Case: ISIS Prosecutions in the United States, July 6, 2016, available at <https://docs.google.com/viewer?url=https%3A%2F%2Fstatic1.squarespace.com%2Fstatic%2F5 5dc76f7e4b013c872183fea%2Ft%2F577c5b43197aea832bd486c0%2F1467767622315%2FISIS%2BRe port%2B-%2BCase%2Bby%2BCase%2B-%2BJuly2016.pdf&pdf=true>; May 2017 Update: ISIS in the U.S., May 8, 2017, available at <https://docs.google.com/viewer?url=https%3A%2F%2Fstatic1.squarespace.com%2Fstatic%2F5 5dc76f7e4b013c872183fea%2Ft%2F591095c89de4bb0a23961069%2F1494259145920%2FISIS%2BCa se%2BUpdate%2B5-8-2017.pdf&pdf=true>; Statistical Overview, February 24, 2017, available at <https://docs.google.com/viewer?url=https%3A%2F%2Fstatic1.squarespace.com%2Fstatic%2F5 5dc76f7e4b013c872183fea%2Ft%2F58b0a7145016e199ea7677c3%2F1487972117194%2FFFS-5%2BISIS_AQ%2BOverview.pdf&pdf=true>; By the Numbers: ISIS Cases in the United States, June 22, 2015, available at https://static1.squarespace.com/static/55dc76f7e4b013c872183fea/t/56b3aae8f8baf3bfd460ecb5 /1454615277175/ISIS+Cases+in+the+U.S.+-+June+2015.pdf.

median 60), murder (mean: 300 months; median 300 months), kidnapping/hostage taking (mean: 150 months; median 120 months); sexual abuse (mean: 135 months; median: 120 months), child pornography (mean: 151 months; median: 100 months), and manslaughter (mean: 53 months; median: 37 months). *See* Exhibit A, U.S. Sentencing Commission Quarterly Data Report, Fiscal Year 2018 (hereinafter "Quarterly Data Report FY 2018").

32. These collective statistics demonstrate that a sentence in this case of 7.5 years, see fn. 3 supra, citing the "average sentence for persons convicted of national security violations and not charged with terrorism" (90.3 months) would certainly be "sufficient, but not greater than necessary," to achieve 18 U.S.C. §3553(a)(2)'s stated goals of sentencing. A sentence of 90 months or less, is envisioned by 18 U.S.C. §3553(a)(6) and avoids creating an unwarranted sentencing disparity between Mr. Ismail and other Defendants whose offense conduct was either equivalent or demonstrably worse.

33. Counsel provides another measure of comparison evidenced by recent "terror" prosecutions. In *United States v. Daniels*, the Defendant engaged in months of talks on Facebook and other social media platforms with ISIS recruiters. He made plans to travel to Libya to join ISIS. Daniels sent money to an ISIS recruiter via his Western Union account to show his intent and worth. The FBI then learned his identity after a terrorist attack on an Ohio delicatessen by Daniels' coworker. Daniels personally communicated his intention to commit jihad and personally participate in attacks on the West. He was arrested at the airport before traveling to his final destination of Libya. Daniels was diagnosed with schizoaffective disorder. He pled guilty, and over the government's objection, received an 80 month sentence. *See United States v. Daniels*, S.D. Ohio., Eastern Division, May 29, 2018, Case No. 2:16-CR-00222-EAS, 2018 WL 3792623.

34. Similarly, we present information from another "terrorism" prosecution. *See United Sates v. Ahmed et al*. (7 Somali Terrorists), Case No. 15-cr-00049-MJD, DE 698,

10

DMN, Final Report to the Court by the United States Concerning Sentencing Nationwide Following Convictions for Providing Material Support to Terrorist Organizations, 2016, *See* Exhibit B. In that case, prior to sentencing seven Somali Americans charged with conspiracy to provide material support to a designated foreign terrorist organization, the district judge requested the government provide a compendium of terrorism case sentencings through 2016. We append the government's filing.

35. The sentencings of those Somali Defendant are also reflected in our Exhibit C, Ismail's Similar Case Sentencing Chart. Those Somali Defendants received sentences of between 10 and 35 years. A small explanatory chart with additional information is noted below:

| Name/Case # | Location | Charge | Sentence | Prior Record |
|---|---|---|---|---|
| **Aaron Daniels** 2:16-cr-00222-EAS; U.S. v. Daniels | Columbus, SDOH | Providing material support to terrorists; | **6.6 years** | |
| **Joshua Stafford** 1:12-cr-0238; U.S. v. Stafford, 13-4188 (6th Cir.) | Cleveland, NDOH | Conspiracy to use weapon of mass destruction (bomb); | **10 years** | |
| **Douglas Wright** 1:12-cr-0238; U.S. v. Stafford, 13-4188 | Cleveland, NDOH | Conspiracy to use weapon of mass destruction (bomb); | **11.5 years** | |
| **Brandon Baxter** 1:12-cr-0238; U.S. v. Stafford, 13-4188 | Cleveland, NDOH | Conspiracy to use weapon of mass destruction (bomb); | **9.75 years** | |
| **Connor Stevens** 1:12-cr-0238; U.S. v. Stafford, 13-4188 | Cleveland, NDOH | Conspiracy to use weapon of mass destruction (bomb); | **8 years, 1 month** | |
| **Anthony Hayne** 1:12-cr-0238; U.S. v. Stafford, 13-4188 | Cleveland, NDOH | Conspiracy to use weapon of mass destruction (bomb); | **6.75 years** | |

| | | | | |
|---|---|---|---|---|
| **Mohammed Hamzah Khan**, 1:14-cr-00564 | Chicago, ND Illinois | Attempt to provide material support to ISIS | **5 years** | |
| **Shannon Conley**, 1:14-cr-00163 | Denver, D. Colo. | Conspiracy to provide material support to ISIS | **4 years** | |
| **Michael Todd Wolfe** 1:14-cr-00213 | W.D. Tex. | Attempting to provide material support ISIS | **6.75 years** | |
| **Rahatul Ashikim Khan**, 1:14-cr-00212 | W.D. Tex. | Conspiracy to provide material support to ISIS | **10 years** | |
| **Joseph Hassan Farrokh**, 1:16-cr-00020 | E.D. Va. | Attempting to provide material support to ISIS | **8.5 years** | |
| **Nicholas Michael Teausant**, 2:14CR087 | E.D. Cal. | Attempting to provide material support to ISIS | **12 years** | |
| **Muhammad Dakhlalla and Jaelyn Young** 1:15CR00098 | N.D. Miss. | Attempting and conspiring to knowingly provide material support to ISIS | **8 years and 12 years** | |
| **Adam Dandach**, 8:14CR00109 | C.D. Cal. | Material support to ISIS | **15 years** | |
| **Donald Morgan**, 1:14-cr-00414; 1:14cr194 | M.D.N.C. | Attempting to provide material support to ISIS; possession of firearm (assault rifle) by convicted felon | **20.25 years** | Prior felony for shooting into a habitation |
| **Amine El Khalifi**, 1:12-cr-00037 | E.D. Va. | Attempting to use weapon of mass destruction against U.S. Capitol | **30 years** | Prior offenses from several jurisdictions including drug offenses and two prior assault convictions |
| **Michael Finton**, 3:10-cr-30215 | S.D. Illinois | Attempted use of weapon of mass destruction | **28 years** | Prior lengthy prison sentence for armed robbery and aggravated assault |
| **Leon Davis**, 1:15-cr-00059 | S.D. Ga. | Attempt to provide material support to ISIS | **15 years** | On parole at time of offense |

WHEREFORE, to aid the Court's review, the Defendant respectfully provides this additional information and prays for the imposition of a sentence of not more than 7.5 years

Respectfully submitted,

*s/ Neil M. Schuster*
NEIL M. SCHUSTER, P.A.
Fla. Bar No. 216909
555 N.E. 15th St., Suite 2-C
Miami, FL   33132
Tel: 305.416.0324
Fax: 305.416.0325
Email: neil@neilmschuster.com

*s/ David A. Nunez*
David A. Nuñez
Florida Bar No. 646776
Meyer & Nunez, P.A.
150 W. Flagler St., Suite 2700
Miami, FL   33130
Telephone:  305-722-9898
Facsimile: 305-371-9197
Email: david@nunez-law.com

## CERTIFICATE OF CM/ECF SERVICE

I HEREBY CERTIFY that on __July 11, 2019___, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following: **Karen E. Gilbert, AUSA,** Office of the U.S. Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

By:     *s/ Neil M. Schuster* _____
Neil M. Schuster



EXHIBIT A

# United States Sentencing Commission
# Quarterly Data Report



**3rd Quarter Release**
**Preliminary Fiscal Year 2018 Data**
**Through June 30, 2018**

# Table 6

## SENTENCE LENGTH IN EACH PRIMARY OFFENSE CATEGORY[1]
### 3rd Quarter 2018 Preliminary Cumulative Data (October 1, 2017, through June 30, 2018)

| PRIMARY OFFENSE | Mean Months | Median Months | N |
|---|---|---|---|
| TOTAL | 45 | 21 | 50,928 |
| Murder | 300 | 300 | 49 |
| Manslaughter | 53 | 37 | 45 |
| Kidnapping/Hostage Taking | 150 | 120 | 49 |
| Sexual Abuse | 135 | 120 | 457 |
| Assault | 29 | 18 | 638 |
| Robbery | 69 | 60 | 503 |
| Arson | 81 | 60 | 34 |
| Drugs - Trafficking | 76 | 60 | 13,604 |
| Drugs - Communication Facility | 27 | 24 | 154 |
| Drugs - Simple Possession | 3 | 3 | 599 |
| Firearms | 71 | 48 | 6,546 |
| Burglary/B&E | 24 | 20 | 19 |
| Auto Theft | 58 | 31 | 36 |
| Larceny | 11 | 3 | 618 |
| Fraud | 27 | 17 | 4,089 |
| Embezzlement | 10 | 5 | 181 |
| Forgery/Counterfeiting | 15 | 12 | 239 |
| Bribery | 21 | 12 | 107 |
| Tax | 15 | 12 | 291 |
| Money Laundering | 31 | 18 | 531 |
| Racketeering/Extortion | 85 | 57 | 711 |
| Gambling/Lottery | 8 | 6 | 54 |
| Civil Rights | 34 | 9 | 35 |
| Immigration | 11 | 6 | 17,185 |
| Child Pornography | 151 | 100 | 1,343 |
| Prison Offenses | 12 | 12 | 422 |
| Administration of Justice Offenses | 19 | 12 | 696 |
| Environmental/Wildlife | 3 | 0 | 118 |
| National Defense | 73 | 37 | 82 |
| Antitrust | 6 | 3 | 54 |
| Food & Drug | 10 | 2 | 76 |
| Other Miscellaneous Offenses | 17 | 0 | 1,363 |

---

[1] Of the 50,929 cases, one was excluded due to missing or indeterminable sentencing information. Sentences of probation only are included in this table as zero months of imprisonment. In addition, the information presented in this table includes time of confinement as described in USSG §5C1.1. Descriptions of variables used in this table are provided in Appendix A.

SOURCE: U.S. Sentencing Commission, Preliminary 2018 Datafile, USSCFY18 (October 1, 2017, through June 30, 2018).

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 15-049 (MJD/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FINAL** |
| | ) | **REPORT TO THE COURT** |
| Plaintiff, | ) | **BY THE UNITED STATES** |
| | ) | **CONCERNING SENTENCING** |
| v. | ) | **NATIONWIDE FOLLOWING** |
| | ) | **CONVICTIONS FOR** |
| HAMZA NAJ AHMED, | ) | **PROVIDING MATERIAL** |
| MOHAMED ABDIHAMID FARAH, | ) | **SUPPORT TO TERRORIST** |
| ADNAN ABDIHAMID FARAH, | ) | **ORGANIZATIONS** |
| ABDIRAHMAN YASIN DAUD, | ) | |
| ZACHARIA YUSUF ABDURAHMAN, | ) | |
| HANAD MUSTOFE MUSSE, and | ) | |
| GULED ALI OMAR | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America, through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorneys John Docherty, Andrew R. Winter, and Julie E. Allyn, respectfully submits its Final Report on national terrorism sentencings. Several earlier iterations of this Report have been filed by the government.  This Final Report includes all sentencings in material support cases found by the government through the date of this pleading, October 31, 2016.  The final sentencing included is that of Muhanad Badawi, sentenced on October 19, 2016, following trial in the Central District of California.  Other sentencings which are new since the last report are two co-defendants in the Northern District of Illinois, Hasan Edmonds and Jonas Edmonds, who were convicted on pleas of guilty.

The government is aware of no cases pending sentencing in the near future, but will, of course, continue to look for sentencings that may occur between now and the time of

1

sentencing in these cases.  Because no additional sentencings are anticipated between now and November 14, 2016, however, the government is captioning this report its "final" report.

This report summarizes sentencing data from federal cases around the country in which one or more defendants have been convicted of providing material support to a designated foreign terrorist organization.  This Final Report provides information about all cases relating to the provision of material support, regardless of the count of conviction or the identity of the foreign terrorist organization.

There is one exception to this attempt at being comprehensive; cases in which the sole count of conviction is a false statements charge, in violation of 18 U.S.C. § 1001, have not been included.  That is because those cases can cover offender behavior that is far removed from the provision of material support to terrorists, and the inclusion of false statements convictions would result in this Final Report comparing dissimilar cases.

One-paragraph factual summaries of each case are set forth below.  The facts were taken from various sources, including press releases issued by the relevant United States Attorney's Office and the Federal Bureau of Investigation.

The chart that follows the factual summary paragraphs collects for the reader the key items of information about each case, including the defendant's name; the federal judicial district in which the defendant was sentenced; the district court file number, so that readers who are so inclined can further research the case using PACER; the date of sentencing; the aggregate, pronounced, custodial sentence; the lead statute of conviction; whether the defendant's conviction resulted from a negotiated guilty plea or a jury verdict

following trial; and the designated foreign terrorist organization to which the defendant provided material support.

As in earlier reports in this series, sentencing data was taken from district court judgment and commitment orders filed on PACER.

Cases are arranged chronologically by date of sentencing, oldest sentencing first. The oldest sentence in this report is that of defendant Sinh Nguyen, who was sentenced in the Central District of California on June 30, 2014. The most recent sentencing is that of Muhanad Badawi, also sentenced in the Central District of California, on October 19, 2016.

The sentences of 26 defendants are summarized below. There are several features of these cases worth noting:

- Four of these defendants, co-defendants Sohiel Kabir and Ralph Deleon, plus co-defendants Nader Elhuzayel and Muhanad Badawi, were convicted following trial. The other twenty-two defendants all pled guilty.

- Only one defendant, Ralph Deleon, was convicted of violating 18 U.S.C. § 956. In some of the other cases in this Report, a defendant was convicted of violating 18 U.S.C. § 2339A, with the predicate offense for the 18 U.S.C. § 2339A conviction being an 18 U.S.C. § 956 conspiracy. Because these cases only referred to 18 U.S.C. § 956, but did not actually charge 18 U.S.C. § 956, they have not been counted as 18 U.S.C. § 956 sentences. An example of how this fact pattern comes about is presented in the Indictment in *United States v. Mahamud Said Omar*, Criminal No. 09-242 (MJD/SRN), Docket No. 1. In that case, the charging language for the counts alleging a violation of 18 U.S.C.

§ 2339A read as follows: "[Defendant]   did knowingly and intentionally conspire with others to provide material support and resources, knowing and intending that the material support and resources were to be used *in preparation for and in carrying out a violation of Title 18, United States Code, Section 956 (conspiracy to kill, kidnap, maim, or injure persons in a foreign country)*, all in violation of Title 18, United States Code, Section 2339A(a)." (Emphasis added.) However, despite being mentioned in the indictment's charging language, such cases do not constitute a violation of 18 U.S.C. § 956, and so are not included in this Final Report as 18 U.S.C. § 956 cases, although they may be included in this Final Report for other reasons.

- Of the 26 defendants, 20 were convicted of violating 18 U.S.C. § 2339B, either standing alone, or in conjunction with other convictions.  Of these 20, 14 were sentenced to 18 U.S.C. § 2339B's statutory maximum of fifteen years in prison. (The statutory maximum has since been increased to twenty years, but none of the defendants in this Final Report committed their crimes recently enough to be exposed to the increased statutory maximum penalty.)

- In several of these cases, the defendant was convicted of more than one crime. Those cases are *United States v. Shelton Bell* (number three below); *United States v. Sohiel Kabir and Ralph DeLeon* (number five below)*; United States v. Donald Ray Morgan* (number six below); *United States v. Agron Hasbajrami* (number nine below); *United States v. Ming Quang Pham* (number 12 below); *United States v. Mufid Elfgeeh* (number 13 below); *United States v. Adam*

*Dandach* (number 18 below); *United States v. Elhuzayel and Badawi* (number 20 below); and *United States v. Hasan and Jonas Edmonds* (number 21 below). In all of these cases but one (*Dandach)*, the sentencing judge imposed a sentence beyond the 180-month statutory maximum on the 18 U.S.C. § 2339A or B conviction.

## THE CASES

1.     *United States v. Sinh Vinh Ngo Nguyen*, Central District of California, June 30, 2014.  Defendant Nguyen traveled to Syria and fought with anti-Assad forces for four months.  Upon his return to the United States he expressed a desire to "return to jihad" because that "was what he was born to do."  After giving a man he thought was an al Qaeda recruiter (but who was in reality working for the FBI) a photograph of himself and a U.S. passport application containing false information, Nguyen was arrested.  Defendant Nguyen was sentenced by Judge John F. Walter to 13 years in prison.

2.     *United States v. Gufran Mohammed*, Southern District of Florida, December 17, 2014.  Defendant Mohammed wired funds to al Qaeda in Iraq, the al-Nusrah Front, and al Shabaab.  Defendant Mohammed also agreed to recruit people to travel overseas and join these designated foreign terrorist organizations.  Defendant Mohammed was sentenced by Judge Ursula Ungaro to 15 years in prison, the statutory maximum for a violation of 18 U.S.C. § 2339B.  *United States v. Mohammed Hussain Said* is the companion case to this one (see number ten below).

3.     *United States v. Shelton Bell*, Middle District of Florida, January 14, 2015. Defendant Bell recruited a juvenile to go with him to join, and fight for, ISIL.  After

following a training regimen of their own devising for three months, Bell and the juvenile traveled from New York's John F. Kennedy International Airport to Poland.  They then flew from Poland to Israel.  Israeli officials arrested the pair and sent them back to Poland.  The two then flew to Jordan, where they were again arrested, and this time returned to the United States.  Bell entered guilty pleas to two 18 U.S.C. § 2339B counts, one of them attempt, and one of them conspiracy.  Judge Timothy Corrigan sentenced Bell to twenty years in prison.  Judge Corrigan imposed the fifteen-year statutory maximum for a violation of 18 U.S.C. § 2339B on the 18 U.S.C. § 2339B conspiracy count, and then imposed a sentence of five years' imprisonment, to be served consecutively, on the attempt count.  Judge Corrigan also filed a 41-page memorandum explaining his sentence.

4.      *United States v. Shannon Conley,* District of Colorado, January 23, 2015.  Defendant Conley met an ISIL recruiter online.  In an effort to prepare herself to join, and fight for, ISIL, defendant Conley joined a U.S. Army-sponsored Explorer scout group, obtained first aid training, and took firearms training.  FBI agents met with defendant Conley multiple times and tried to talk her out of trying to travel to Syria.  Defendant Conley was not persuaded, and was arrested at the Denver airport as she tried to board a flight to Turkey.  Judge Raymond P. Moore sentenced Conley to 48 months in federal prison.

5.      *United States v. Sohiel Kabir and Ralph DeLeon*, Central District of California, February 23. 2015.  After a six and-a-half week trial, and six days of deliberation, a jury convicted Kabir and DeLeon of conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A, and conspiracy to kill officers and

employees of the United States, in violation of 18 U.S.C. § 1117. According to reports in the press, the defendants conspired to travel to Afghanistan and kill U.S. troops there.

As to Kabir individually, the jury found him guilty of conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A; conspiracy to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B; conspiracy, in violation of 18 U.S.C. § 371; and conspiracy to kill officers and employees of the United States, in violation of 18 U.S.C. § 1117.

As to Deleon individually, the jury found him guilty of conspiring to provide material support to terrorists, in violation of 18 U.S.C. § 2339A; conspiracy to kill, kidnap, and maim persons in a foreign country, in violation of 18 U.S.C. § 956; and conspiracy to kill officers and employees of the United States, in violation of 18 U.S.C.§ 1117. Judge Virginia Phillips sentenced both defendants to 25 years' imprisonment. In the case of DeLeon, this sentence was composed of a 180-month sentence on DeLeon's 18 U.S.C.§ 2339A conviction (the statutory maximum); and 300 months in prison on each of the two conspiracy to murder charges. All sentences were ordered to be served concurrently.

Defendant Kabir was sentenced to 180 months, the statutory maximum, on each of his material support convictions; 60 months, also the statutory maximum, on his conviction of 18 U.S.C. § 371; and 300 months for his conviction of conspiracy to kill officers and employees of the United States in violation of 18 U.S.C. § 1117. All sentences were again ordered to be served concurrently.

6.      *United States v. Donald Ray Morgan*, May 13, 2015, Middle District of North Carolina.  Defendant Morgan traveled to Lebanon, and from there attempted to enter Syria to join, and fight for, ISIL.  Upon his return to the United States, he was arrested at Kennedy Airport on a warrant for possession of a firearm by a felon.  Defendant Morgan was sentenced to a total of 243 months of imprisonment by Judge Thomas D. Schroeder. 180 months, or fifteen years, of Morgan's sentence was allocated to Morgan's conviction of violating 18 U.S.C. § 2339B. This is the statutory maximum for a violation of 18 U.S.C. § 2339B.  The balance of Morgan's sentence, 63 months, was allocated by Judge Schroeder to Morgan's firearms conviction.

7.      *United States v. Michael Wolfe,* Western District of Texas, June 5, 2015. Defendant Wolfe attempted to travel to the Middle East to lend his support to ISIL.  He admitted at his change of plea hearing that in preparation, he applied for and acquired a U.S. passport, participated in physical fitness training, practiced military maneuvers, concealed his preparations, and bought an airline ticket for travel to Europe, which he believed would be the first leg of a trip to the Middle East.  Instead, he was arrested on the jetway at the Houston, Texas airport as he attempted to board a flight to Toronto, Canada. Judge Sam Sparks sentenced Wolfe to 82 months in prison.

8.      *United States v. Leon Davis,* Southern District of Georgia, July 28, 2015. Defendant Davis was arrested at the Atlanta airport as he attempted to board a flight to Turkey.  The defendant had been under investigation for more than a year before he was arrested, after the defendant communicated with ISIL members via social media.  Judge J.

Randal Hall sentenced defendant Davis to fifteen years in prison, the statutory maximum for a violation of 18 U.S.C. § 2339B.

9. *United States v. Agron Hasbajrami*, Eastern District of New York, August 13, 2015. Defendant Hasbajrami was convicted of attempting and conspiring to provide material support to unspecified radical jihadist groups in Pakistan's Federally-Administered Tribal Areas. Defendant Hasbajrami also sent several wire transfers of funds abroad in support of terrorist organizations. On September 6, 2011, Hasbajrami was arrested at John F. Kennedy International Airport, as he attempted to board a flight to Turkey, from where he would have flown on to the Federally-Administered Tribal Areas. Judge John Gleeson of the Eastern District of New York sentenced Hasbajrami to 16 years in prison, followed by removal from the United States.

10. *United States v. Mohamed Hussain Said,* Southern District of Florida, August 28, 2015. This is a companion case to *United States v. Gufran Mohammed* (see number two above). Like defendant Gufran Mohammed, defendant Said also conspired to provide both money and recruits to al Qaeda, al Qaeda in Iraq, and al Shabaab. Judge Ursula Ungaro sentenced defendant Said to fifteen years' imprisonment, the statutory maximum.

11. *United States v. Ali Shukri Amin*, Eastern District of Virginia, August 28, 2015. Defendant Amin, who was 17 years old, used social media to provide material support to ISIL. Specifically, defendant Amin used Twitter to provide advice and encouragement to ISIL fighters. Judge Claude M. Hilton sentenced defendant Amin to 136 months in prison, followed by a lifetime of supervised release that will include monitoring of the defendant's online activities.

9

12. *United States v. Ming Quang Pham,* Southern District of New York, January 8, 2016. This case is factually quite different from the others in this report, and has a long procedural history. Defendant Pham was arrested in the United Kingdom on June 29, 2012, and extradited to the United States in February of 2015. Pham left his home in London to travel to Yemen in December 2010, where he planned an attack in the United Kingdom. While in Yemen he received military training, including training in bomb-making, from the designated terrorist organization al-Qaeda in the Arabian Peninsula ("AQAP"), and he contributed to al-Qaeda's *Inspire* magazine. Pham pleaded guilty to providing material support to AQAP, conspiring to receive military training from AQAP, and using a machine gun in furtherance of crimes of violence. He was sentenced by Judge Alison Nathan to a 40-year term of imprisonment.

13. *United States v. Mufid Elfgeeh,* Western District of New York, March 17, 2016. Defendant Elfgeeh attempted to recruit two people to join ISIL. The two people the defendant tried to recruit were working for the FBI. Elfgeeh assisted the two in obtaining passports, and gave them advice about how to travel to Syria in a way that would avoid detection by law enforcement. Elfgeeh also gave the individuals computer equipment which they were to take to Syria with them. Elfgeeh also was in contact with anti-Assad fighters who were surrounded in the Syrian city of Homs by Assad regime troops. Elfgeeh was able to put the commander of the surrounded soldiers in contact with ISIL leaders. After the commander of the surrounded soldiers pledged allegiance to ISIL, ISIL came to his assistance. Judge Elizabeth Wolford sentenced Elfgeeh to 270 months in prison. The defendant had pleaded guilty to two counts of providing material support to a designated

foreign terrorist organization, ISIL.  Judge Wolford sentenced the defendant to the statutory maximum of 180 months on the first conviction, and a consecutive 90 months on the second conviction, for a total of 270 months' imprisonment.

14.     *United States v. Alaa Saadeh,* District of New Jersey, May 10, 2016. Defendant Saadeh planned to travel overseas himself to join, and fight for, ISIL. The defendant also helped his brother successfully travel overseas for the same purpose.  Judge Susan Wigenton sentenced Saadeh to 15 years in prison, the statutory maximum for a violation of 18 U.S.C. § 2339B.

15.     *United States v. Nicholas Teausant*, Eastern District of California, June 7, 2016.  Defendant Teausant was arrested near the Canadian border. He intended to cross into Canada, and from there make his way to the Middle East to join, and fight for, ISIL. Judge John A. Mendez sentenced Teausant to 12 years' imprisonment.

16.     *United States v. Avin Marsalis Brown and Akba Jihad Jordan,* Eastern District of North Carolina, both on July 5, 2016.  Defendants Brown and Jordan pleaded guilty to providing material support to terrorists, in violation of 18 U.S.C. § 2339A. Although both defendants spoke of the need to go overseas and wage jihad, neither was specific about joining or assisting any particular terrorist organization.  Judge Louise W. Flanagan sentence Brown to 92 months' imprisonment, followed by five years' supervised release, while Jordan was sentenced to 108 months' imprisonment, also followed by five years' supervised release.

17.     *United States v. Joseph Hassan Farrokh,* Eastern District of Virginia, July 15, 2016.  Defendant Farrokh conspired with co-defendant Mahmoud Amin Elhassan (who

has not yet fully resolved the charges against him, either by plea or by trial) to travel to Syria, where they would join, and fight for, ISIL. Farrokh and Elhassan had numerous communications, using secure apps, about their plans. Farrokh was arrested as he went down the jetway to catch his flight.

18. *United States v. Adam Dandach,* Central District of California, July 25, 2016. Defendant Dandach attempted to fly from Santa Ana, California to Istanbul, Turkey to join ISIL. Judge James V. Selna sentenced Dandach to 15 years' imprisonment, the statutory maximum, for attempting to provide material support to a designated foreign terrorist organization, ISIL. The defendant was also sentenced to a concurrent sentence of ten years for lying on his passport application.

19. *United States v. Jaelyn Delshaun Young and Muhammad Oda Dakhlalla* Northern District of Mississippi, August 11, 2016 (defendant Young) and August 24, 2016 (defendant Dakhlalla). Defendant Young and her co-defendant/boyfriend, Muhammad Oda Dakhlalla, obtained passports and planned to fly to Istanbul via Amsterdam to offer their services to ISIL. On August 11, 2016, Judge Sharion Aycock sentenced Young to 144 months in prison. On August 24, 2016, Judge Aycock sentenced defendant Dakhlalla to 96 months in prison.

20. *United States v. Nader Salem Elhuzayel*, Central District of California, September 26, 2016. Defendant Elhuzayel and his co-defendant, Muhanad Badawi, used social media to discuss ISIL and terrorist attacks, expressed a desire to die as martyrs, and made arrangements for Elhuzayel to leave the United States to join ISIL. Elhuzayel also used social media to contact ISIL operatives and other ISIL supporters, including Elton

Simpson, one of the perpetrators of the May 3, 2015 attack in Garland, Texas, with whom Elhuzayel was in contact on the day of the attack. The two defendants carried out a significant bank fraud scheme to raise travel funds. The jury deliberated less than an hour before returning guilty verdicts against both defendants. At Elhuzayel's sentencing, Judge David O. Carter noted that Elhuzayel's lack of remorse made him "especially dangerous." Judge Carter then imposed a sentence on Elhuzayel of thirty years' imprisonment, followed by a lifetime of supervised release. On October 19, 2016, Judge Carter also sentenced Badawi to thirty years' imprisonment.

21.     *United States v. Hasan R. Edmonds and Jonas M. Edmonds,* Northern District of Illinois, October 14, 2016. Defendant Hasan Edmonds was an enlisted member of the Illinois National Guard. He and his co-defendant and cousin, Jonas Edmonds, planned an attack on an Illinois National Guard base. Judge John Lee sentenced Hasan Edmonds to thirty years' imprisonment and Jonas Edmonds to 21 years' imprisonment. This was not a traveler case.

| Defendant Name | District | Court File No. | Date of Sentencing | Sentence | Statute of Conviction | Plea/Trial | Organization |
|---|---|---|---|---|---|---|---|
| Sinh Nguyen | California, Central | 2:13-CR-00736-JFW | June 30, 2014 | 156 months | 18 USC § 2339B | Plea | Al-Qaeda |
| Gufran Mohammed | Florida, Southern | 1:13-CR-20364-UU | December 17, 2014 | 180 months | 18 USC § 2339B | Plea | Al Shabaab; Al-Qaeda; al-Nusrah Front |
| Shelton Bell | Florida, Middle | 3:13-CR-00141-TJC-JRK | January 14, 2015 | 240 months | 18 USC § 2339A | Plea | Ansar al-Sharia |
| Shannon Conley | Colorado | 1:14-CR-00163-RM | January 23, 2015 | 48 months | 18 USC § 371 | Plea | ISIL |
| Sohiel Kabir | California, Central | 5:12-CR-00092-VAP | February 23, 2015 | 300 months | 18 USC § 2339A; 18 USC § 2339B; 18 USC § 371; 18 USC § 1117 (conspiracy to murder) | Trial | Al-Qaeda |
| Ralph DeLeon | California, Central | 5:12-CR-00092-VAP | February 23, 2015 | 300 months | 18 USC § 956; 18 USC § 2339A; 18 USC § 1117 (conspiracy to murder) | Trial | Al-Qaeda |
| Donald Ray Morgan | North Carolina, Middle | 1:14-CR-00194-1 1:14-CR-00414-1 | May 13, 2015 | 243 months | 18 USC § 2339B and 18 USC § 922(g)(1)(possession of a firearm by a felon) | Plea | ISIL |
| Michael Wolfe | Texas, Western | 1:14-CR-00213-SS | June 5, 2015 | 82 months | 18 USC § 2339B | Plea | ISIL |
| Leon Davis | Georgia, Southern | 1:15-CR-00059-JRH-BKE | July 28, 2015 | 180 months | 18 USC § 2339B (attempt) | Plea | ISIL |

| Defendant Name | District | Court File No. | Date of Sentencing | Sentence | Statute of Conviction | Plea/Trial | Organization |
|---|---|---|---|---|---|---|---|
| Agron Hasbajrami | New York, Eastern | 1:11-CR-00623-DLI | August 13, 2015 | 192 months | 18 USC § 2339A and 18 USC § 371 | Plea | Unclear; Hasbajrami expressed desire to travel to Pakistan to wage jihad, but did not specify a group |
| Mohammed Hussain Said | Florida, Southern | 1:13-CR-20364-UU | August 28, 2015 | 180 months | 18 USC § 2339B (conspiracy) | Plea | Al Shabaab; al-Nusrah Front; al-Qaeda in Iraq (predecessor of ISIL) |
| Ali Shukri Amin | Virginia, Eastern | 1:15-CR-00164-CMH | August 28, 2015 | 136 months | 18 USC § 2339B | Plea | ISIL |
| Ming Quang Pham | New York, Southern | 12-CR-423 (AJN) | January 8, 2016 | 480 months | 18 USC § 2339B; 18 USC § 2339D; 18 USC § 924(c) | Plea | Al-Qaeda in the Arabian Peninsula (AQAP) |
| Mufid Elfgeeh | New York, Western | 6:14-CR-06147-EAW-JWF | March 17, 2016 | 270 months | 18 USC § 2339B (2 counts) | Plea | ISIL |
| Alaa Saadeh | New Jersey | 2:15-CR-558-SDW | May 10, 2016 | 180 months | 18 USC § 2339B | Plea | ISIL |
| Nicholas Teausant | California, Eastern | 2:14-CR-00087-JAM | June 7, 2016 | 144 months | 18 USC § 2339B | Plea | ISIL |

| Defendant Name | District | Court File No. | Date of Sentencing | Sentence | Statute of Conviction | Plea/Trial | Organization |
|---|---|---|---|---|---|---|---|
| Avin Marsalis Brown | North Carolina, Eastern | 15:14-CR-58-1FL | July 5, 2016 | 92 months (Notice of Appeal filed with the Fourth Circuit Court of Appeals on 7/13/2016) (non-ISIL case) | 18 USC § 2339A (conspiracy) | Plea | None specified – Brown stated he wished to travel overseas to fight against unbelievers, but did not name a group |
| Akba Jihad Jordan | North Carolina, Eastern | 5:14-CR-58-2FL | July 5, 2016 | 108 months | 18 USC § 2339A | Plea | None specified – Jordan is a co-defendant of Brown, above |
| Adam Dandach | California, Central | 8:14-CR-00109-JVS | July 25, 2016 | 180 months | 18 USC § 2339B and 18 USC § 1542 (false statements in a passport application) | Plea | ISIL (please see discussion in text section regarding Dandach's sentence) |
| Joseph Hassan Farrokh | Virginia, Eastern | 1:16-CR-20 | July 15, 2016 | 102 months | 18 USC § 2339B (attempt) | Plea | ISIL |
| Jaelyn Delshaun Young | Mississippi, Northern | 1:15-CR-00098-0002-SA-DAS | August 11, 2016 | 144 months | 18 USC § 2339B | Plea | ISIL |
| Muhammad Oda Dakhlalla | Mississippi, Northern | 1:15-CR-00098-0001-SA-DAS | August 24, 2016 | 96 months | 18 USC § 2339B | Plea | ISIL |

| Defendant Name | District | Court File No. | Date of Sentencing | Sentence | Statute of Conviction | Plea/Trial | Organization |
|---|---|---|---|---|---|---|---|
| Nader Salem Elhuzayel | California, Central | SA CR 15-0060 | September 26, 2016 | 360 months | 18 U.S.C. § 2339B; 1 count of conspiracy to provide material support, and 1 count of attempting to provide material support, plus 25 counts of bank fraud, in violation of 18 U.S.C.§ 1344 | Trial | ISIL |
| Hasan R. Edmonds | Illinois, Northern | 1:15-CR-149-1 | October 14, 2016 | 360 months | 18 U.S.C. §2339B(a)(1); Conspiring to providing material support or resources to designated terrorist organization; 18 U.S.C. Section (2339B)(a)(1); Attempting to provide material support to foreign terrorist organization | Plea | ISIL |

| Defendant Name | District | Court File No. | Date of Sentencing | Sentence | Statute of Conviction | Plea/Trial | Organization |
|---|---|---|---|---|---|---|---|
| Jonas M. Edmonds | Illinois, Northern | 1:15-CR-00149-2 | October 14, 2016 | 252 months | 18 U.S.C. §2339B(a)(1); Providing material support or resources to designated terrorist organization; 18.U.S.C. §1001(a)(2); Making false statement to law enforcement officer | Plea | ISIL |
| Muhanad Elfatih M.A. Badawi | California, Central District | 8:15-CR-00060-DOC | October 19, 2016 | 360 months | 18 U.S.C. § 2339B; Conspiracy to provide material support or resources to a designated foreign terrorist organization; 18.U.S.C. §§ 2339B; Attempting to provide material support or resources to a designated foreign terrorist organization, aiding and abetting; 20 U.S.C. § 1097(a); Financial aid fraud | Trial | ISIL |

19

Dated:   November 1, 2016                   Respectfully submitted,

                                            ANDREW M. LUGER
                                            United States Attorney

                                            s/ John Docherty

                                            BY:  JOHN DOCHERTY
                                            Assistant United States Attorney
                                            Attorney Reg. No. 017516X

                                            ANDREW R. WINTER
                                            Assistant United States Attorney

                                            JULIE E. ALLYN
                                            Assistant United States Attorney

# EXHIBIT C

A small exemplary chart is noted below with additional information.

| Name/Case # | Location | Charge | Sentence | Prior Record |
|---|---|---|---|---|
| **Aaron Daniels** 2:16-cr-00222-EAS; <u>U.S. v. Daniels</u> | Columbus, SDOH | Providing material support to terrorists; | **6.6 years** | |
| **Joshua Stafford** 1:12-cr-0238; <u>U.S. v. Stafford</u>, 13-4188 (6th Cir.) | Cleveland, NDOH | Conspiracy to use weapon of mass destruction (bomb); | **10 years** | |
| **Douglas Wright** 1:12-cr-0238; U.S. v. Stafford, 13-4188 | Cleveland, NDOH | Conspiracy to use weapon of mass destruction (bomb); | **11.5 years** | |
| **Brandon Baxter** 1:12-cr-0238; U.S. v. Stafford, 13-4188 | Cleveland, NDOH | Conspiracy to use weapon of mass destruction (bomb); | **9.75 years** | |
| **Connor Stevens** 1:12-cr-0238; U.S. v. Stafford, 13-4188 | Cleveland, NDOH | Conspiracy to use weapon of mass destruction (bomb); | **8 years, 1 month** | |
| **Anthony Hayne** 1:12-cr-0238; U.S. v. Stafford, 13-4188 | Cleveland, NDOH | Conspiracy to use weapon of mass destruction (bomb); | **6.75 years** | |
| **Mohammed Hamzah Khan**, 1:14-cr-00564 | Chicago, ND Illinois | Attempt to provide material support to ISIS | **5 years** | |
| **Shannon Conley**, 1:14-cr-00163 | Denver, D. Colo. | Conspiracy to provide material support to ISIS | **4 years** | |
| **Michael Todd Wolfe** 1:14-cr-00213 | W.D. Tex. | Attempting to provide material support ISIS | **6.75 years** | |
| **Rahatul Ashikim Khan**, 1:14-cr-00212 | W.D. Tex. | Conspiracy to provide material support to ISIS | **10 years** | |
| **Joseph Hassan Farrokh**, 1:16-cr-00020 | E.D. Va. | Attempting to provide material support to ISIS | **8.5 years** | |
| **Nicholas Michael Teausant**, 2:14CR087 | E.D. Cal. | Attempting to provide material support to ISIS | **12 years** | |

| | | | | |
|---|---|---|---|---|
| **Muhammad Dakhlalla and Jaelyn Young** 1:15CR00098 | N.D. Miss. | Attempting and conspiring to knowingly provide material support to ISIS | **8 years and** **12 years** | |
| **Adam Dandach,** 8:14CR00109 | C.D. Cal. | Material support to ISIS | **15 years** | |
| **Donald Morgan,** 1:14-cr-00414; 1:14cr194 | M.D.N.C. | Attempt to provide material support to ISIS; possession of firearm (assault rifle) by convicted felon | **20.25 years** | Prior felony for shooting into a habitation |
| **Amine El Khalifi,** 1:12-cr-00037 | E.D. Va. | Attempting to use weapon of mass destruction against U.S. Capitol | **30 years** | Prior offenses from several jurisdiction including drug offenses and two prior assault convictions |
| **Michael Finton,** 3:10-cr-30215 | S.D. Illinois | Attempted use of weapon of mass destruction | **28 years** | Prior lengthy prison sentence for armed robbery and aggravated assault |
| **Leon Davis,** 1:15-cr-00059 | S.D. Ga. | Attempt to provide material support to ISIS | **15 years** | On parole at time of offense |